**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3897-19T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERIK D. JOHNSON, a/k/a
ERIC JOHNSON,

    Defendant-Appellant.

_____

Submitted September 15, 2020 – Decided September 29, 2020

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment Nos. 15-01-0035 and 18-10-0030.

Joseph E. Krakora, Public Defender, attorney for appellant (Karl R. Keys, Deputy Public Defender, of counsel and on the brief).

James L. Pfeiffer, Warren County Prosecutor, attorney for respondent (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Six months after being sentenced on two indictments to an aggregate five-year prison term for violating probation, defendant Erik D. Johnson moved for release under Rule 3:21-10(b)(2), alleging he faced a "distinct risk of serious illness and death while incarcerated during the current [COVID-19] pandemic" because he suffers from diabetes, high blood pressure, obesity and cerebral palsy. He appeals from the trial court's order denying his motion, arguing:

> POINT I
>
> THE TRIAL COURT ERRED IN CREATING ITS OWN QUIXOTIC STANDARD TO DETERMINE WHETHER RELIEF WAS APPROPRIATE UNDER RULE[] 3:21-10B.
>
> POINT II
>
> THE TRIAL COURT ERRED IN MODIFYING ITS FACTFINDING AS TO [DEFENDANT'S] RISK TO THE COMMUNITY WITHOUT EXPLANATION.

Recognizing relief under Rule 3:21-10(b)(2) "must be applied prudently, sparingly[] and cautiously," State v. Priester, 99 N.J. 123, 135 (1985), we determine the trial court did not abuse its discretion in denying the motion, see id. at 137; see also State v. Tumminello, 70 N.J. 187, 192-93 (1976).

To further his Rule 3:21-10(b)(2) motion, defendant was required to first demonstrate a change of circumstances resulting in a severe depreciation of his

health since sentence was imposed. Priester, 99 N.J. at 136-37. If defendant had made that predicate showing,

> the trial court [was compelled to] weigh various factors that affect the decision whether to grant a release such as, the nature and severity of the crime for which he is imprisoned, his criminal record, the risk that might result to the public by his release, . . . the nature of th[e] illness and the availability of appropriate medical services in prison to adequately treat or cope with that illness.
>
> [State v. Wright, 221 N.J. Super. 123, 127 (App. Div. 1987).]

Defendant had to also establish "that the medical services unavailable at the prison would be not only beneficial . . . but are essential to prevent further deterioration in his health." Priester, 99 N.J. at 135.

The trial court acknowledged the Supreme Court's recent holding that the COVID-19 pandemic established a change of circumstances under Rule 3:21-10(b)(2). See In re Request to Modify Prison Sentences, Expedite Parole Hearings, & Identify Vulnerable Prisoners, ___ N.J.___, ___ (2020) (slip op. at 21). The court also acknowledged defendant's medical issues.

But the trial court found, notwithstanding defendant's current health conditions and his submission of "numerous generally applicable scientific reports, not specific to his case, indicating that the prison systems, including

A-3897-19T4

New Jersey's, are at an enhanced risk of spreading the COVID-19 infection," defendant "failed to provide any form of evidence indicating that further incarceration would have a deleterious effect on [his] health." See Wright, 221 N.J. Super. at 130 (rejecting inmate's argument for release because he provided no evidence that confinement would exacerbate his AIDS symptoms).

"To prevail on a [Rule 3:21-10(b)(2)] motion, inmates must . . . present evidence of both an 'illness or infirmity' – a physical ailment or weakness – and the increased risk of harm incarceration poses to that condition." In re Request to Modify Prison Sentences, ___ N.J. at ___ (slip op. at 20-21). Defendant failed to meet the latter requirement. Unlike the defendant in Tumminello, whose worsening diabetes mellitus necessitated multiple amputations and who was unable to maintain the sanitary conditions in prison necessary to avoid ulcerations, infections and further amputations, 70 N.J. at 190-91, defendant has not established that continued imprisonment would cause his alleged underlying conditions to deteriorate or that the DOC is unable to address his medical needs. And, contrary to defendant's argument that the trial court's finding that defendant was not infected with the COVID-19 virus wrongly imposed a requirement that an inmate test positive before relief under Rule 3:21-10(b)(2) is granted, the trial court simply recognized the Court's clear direction: "A

4

generalized fear of contracting an illness is not enough." In re Request to Modify Prison Sentences, ___ N.J. at ___ (slip op. at 21).

The trial court also considered the crimes for which defendant is presently incarcerated—fourth-degree obstruction, N.J.S.A. 2C:29-1(a); second-degree eluding, N.J.S.A. 2C:29-2(b); and third-degree theft, N.J.S.A. 2C:20-3(a)—noting that the eluding conviction "involved numerous law enforcement agencies, two New Jersey State Police helicopters, speeds in excess of [ninety] miles per hour as [defendant] drove through parking lots and residential neighborhoods" and near collisions with two police cruisers as defendant fled to avoid an outstanding warrant. Those circumstances, together with defendant's criminal history, including his failures at probation, supported the trial court's finding that defendant posed a risk to the public if released. The trial court's prior assessment of defendant's risk—before he violated probation—does not render the court's recent finding inconsistent.

Defendant's remaining arguments lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2). The trial court balanced the evidence relating to the Priester factors and properly denied defendant's motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3897-19T4